IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
            Plaintiff,

v.                         CRIMINAL NO. <u>1:96CR42-02</u>

TERRELL P. COON, a/k/a TERRY,
            Defendant.

U.S. DISTRICT COURT
FILED AT WHEELING, WV
JAN 1 6 1997
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

### RESPONSE OF THE UNITED STATES TO THE DEFENDANT'S MOTION TO REOPEN THE DEFENDANT'S DETENTION HEARING AND FOR THE REVOCATION OF THE DETENTION ORDER

Comes now the United States of America and William D. Wilmoth, United States Attorney for the Northern District of West Virginia, by David E. Godwin, First Assistant United States Attorney, and in response to the defendant's motion states the following:

A) Upon consideration of the facts and circumstances of this matter, as they now appear, the prosecution believes it is appropriate to grant the defendant's motion to the extent that he seeks release under a release order that incorporates the conditions listed in the defendant's motion on pages 7-9.

B) The facts and circumstances referred to in paragraph A) above are: 1) the defendant's stable home; 2) the time lapse since the commission of the alleged crime in this case, 3) the separation of the defendant from the activities of the Mountaineer Militia; 4) the incarceration of the leader of the Mountaineer militia; 5) the restrictive nature of the conditions proposed by the defendant; and 6) the length of pretrial detention which will be required under the present trial



schedule. The restrictive nature of the conditions and the length of expected pretrial delay are important considerations.

C) By not resisting the relief sought by the motion the United States is not conceding the correctness of various assertions and conclusions alleged in the defendant's motion. The most significant matters with which the United States takes issue are:

1) Despite the defendant's claim to the contrary, his crime is a "crime of violence." In determining whether a crime is one "of violence," the Fourth Circuit has ruled that the court should consider the "intrinsic nature" of the crime charged and not the specific acts of the defendant. United States v. Thompson, 891 F.2d 507 (4th Cir. 1989). While the Thompson case was one relating to the definition of the term "crime of violence" as found in 18 U.S.C. §16(b), the U. S. District Court for the District of Maryland in United States v. Aiken, 775 F. Supp. 855 (D.Md. 1991) reasoned that the Fourth Circuit would apply the same rule to the term as found in 18 U.S.C. §3142(f)(1)(A). In the Aiken case, the court found United States v. Dunn, 935 F.2d 1053 (9th Cir. 1991) to be persuasive and determined that the offense of possessing an unregistered firearm in violation of 26 U. S. C §5861(d) is a violent crime for the reason that, by its nature, the possession involves substantial risk of physical force against persons or property. The defendant argues in his Memorandum of Law that Magistrate Judge Core's reliance on the case of United States v. Dodge, 846 F.Supp. 181 (D. Conn. 1994) was misplaced since there is no evidence in this case that the defendant, Coon, intends to harm others or use the weapons. This argument mischaracterizes the Magistrate Judges' reasoning. The Magistrate Judge only referred to the Dodge case as support for the determination, as a matter of law, that offenses involving unregistered "firearms" were "crimes of violence." The Dodge case clearly holds that such are crimes of violence. This determination of law is also supported in United states v. Spires, 755 F.

Supp. 890 (CD Ca 1991). The defendant introduced into interstate commerce inherently dangerous and life threatening weapons with the intent that they be used as weapons.

      2) The defendant argues that the fact that he is not named in a conspiracy count or in some way tied to a plan to injure property is a new development and in some way supportive of his release. As a part of this argument he contends that he has not been tied to domestic terrorism. In support of this contention he asserts that he drew away from the militia because he was upset that the explosives he gave them were sold instead of being stored for the militia's use. The fact that he was not named in a conspiracy count is not a new development. The Complaint which had been filed against him at the time of his detention hearing contained a charge related to the interstate transportation of explosive materials only. He has never been accused of participating in a specific endeavor aimed at a government facility and no evidence was introduced at his detention hearing indicating such. (Although he was informed at the time of the transfer of the explosives from his possession that the explosives may be used against FBI facility in Clarksburg to which he had no objection). However, his actions are related to domestic terrorism. This is supported by the assertions in his motion. He was providing dangerous weapons to the militia which he knew to be a politically motivated, anti-government organization. He wasn't providing them to the militia to blow-up stumps (the reason the explosives had been given to him); he gave the explosives to the militia to be stored for the day they were needed to advance the militia's goals. He became upset when Looker subverted Coon's mission-oriented action to one related to Looker's personal financial gain. The use of violence to advance political goals is the definition of domestic terrorism.

    Wherefore, the United States does not object to the granting of the relief sought in the defendant's motion so long as the terms of release are at least as restrictive as those proposed in

said motion.

>Respectfully submitted,
>
>UNITED STATES OF AMERICA,
>
>WILLIAM D. WILMOTH,
>UNITED STATES ATTORNEY
>
>By: _____
>David E. Godwin
>First Assistant U. S. Attorney

## CERTIFICATE OF SERVICE

I, David E. Godwin, First Assistant United States Attorney for the Northern District of West Virginia, do hereby certify that the foregoing Response of the United States to the Defendant's Motion to Reopen the Defendant's Detention Hearing and for the Revocation of the Detention Order was served upon the defendant by placing a copy thereof in the United States Mail, postage prepaid, addressed to Mr. Vincent C. Murovich, counsel for Terrell P. Coon, at Murovich Building, 1653 McFarland Road, Pittsburgh, PA 15216-1810.

Dated this 16th day of January 16, 1997.

_____
David E. Godwin
First Assistant U. S. Attorney

Post Office Box 750
Clarksburg, WV   26302-0750